**Thomas M. Madden - 044261987**
**MORRISON MAHONEY LLP**
**Waterview Plaza**
**2001 U.S. Highway 46, Suite 200**
**Parsippany, NJ 07054**
**Phone: 973-257-3526**
**Fax: 973-257-3527**
**Attorneys for Defendant, Target Corporation of Minnesota**

| | |
|---|---|
| MARIAN ROMANY, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION OF MINNESOTA, JOHN DOE EMPLOYEE INDENTIFIED AS TM, JOHN DOES 1-10 and ABC COMPANIES 1-10 (said names being fictitious), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION– HUDSON COUNTY <br><br> DOCKET NO.: HUD-L-2623-21 <br><br> Civil Action <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant, Target Corporation of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, based upon the following:

1. On or about July 1, 2021, Marian Romany commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, entitled Marian Romany v. Target Corporation of Minnesota, et al., Docket No.: HUD-L-2623-21.

2. A Summons was issued on Defendant, Target Corporation, on July 23, 2021.

3. According to the Complaint and upon information and belief, Plaintiff is a citizen of the State of New Jersey.

4. Defendant, Target Corporation, is incorporated in the State of Minnesota and has its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota.

5. Diversity of Citizenship existed among the parties when the Complaint was filed on or about July 1, 2021. Diversity of Citizenship still existed among the parties at the time this Notice of Removal is being filed.

7. Based upon Plaintiffs' alleged injuries, coupled with medical bills, it is assumed by this Defendant that Plaintiff's injuries are in excess of $75,000 exclusive of interests and costs. Therefore, the United States District Court for the District of New Jersey has diversity jurisdiction under 28 U.S.C. Sec. 1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

8. Pursuant to 28 U.S.C. Sec. 1446(b), this Notice is being filed with this Court within thirty (30) days of Defendant's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

9. Pursuant to 28 U.S.C. Sec. 1446(a), copies of the Summons, Complaint, Civil Case Information Statement, Track Assignment Notice and Affidavit of Service, which constitute all process, pleadings and Orders received by Target Corporation or its counsel in this matter, are attached hereto as Exhibit "A".

10. Pursuant to 28 U.S.C. Sec. 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court in Hudson County and is being served upon Plaintiff's counsel of record.

11. In filing this Notice of Removal, Target Corporation does not waive any defects in service of process, venue or personal jurisdiction.

**Morrison Mahoney LLP**

Attorneys for Defendant,
Target Corporation of Minnesota

Dated: August 20, 2021              By:  /s/ Thomas M. Madden
                                             Thomas M. Madden

100586346

# Exhibit A

51264117

ESCANDON, FERNICOLA,
ANDERSON, COVELLI & MCPHERSON
**Robert M. Anderson, Esq. - 037041985**
301 Main Street, Suite 3
Allenhurst, NJ 07711
(732) 663-1920
*Attorneys for Plaintiff*

| | |
|---|---|
| MARIAN ROMANY,<br><br>   Plaintiff,<br><br>v.<br><br>TARGET CORPORATION OF MINNESOTA, JOHN DOE EMPLOYEE IDENTIFIED AS TM, JOHN DOES 1-10 and ABC COMPANIES 1-10 (said names being fictitious),<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO. HUD-L-2623-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From the State of New Jersey
to the Defendant(s) named above:   **TARGET CORPORATION OF MINNESOTA**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief the Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the legal services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 20, 2021

                                                           *Michelle M. Smith*
                                                           Michelle M. Smith, Clerk, Superior Court of New Jersey

Names/Addresses of Defendants to be Served:  Target Corporation of Minnesota
c/o CT Corporation System
820 Bear Tavern Road
West Trenton, NJ  08628

ESCANDON, FERNICOLA,
ANDERSON, COVELLI & MCPHERSON
**Robert M. Anderson, Esq. - 037041985**
301 Main Street, Suite 3
Allenhurst, NJ 07711
(732) 663-1920
*Attorneys for Plaintiff*

| | |
|---|---|
| MARIAN ROMANY, <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION OF MINNESOTA, JOHN DOE EMPLOYEE IDENTIFIED AS TM, JOHN DOES 1-10 and ABC COMPANIES 1-10 (said names being fictitious), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY <br><br> DOCKET NO. HUD-L- <br><br> CIVIL ACTION <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Marian Romany, residing in Jersey City, County of Hudson and State of New Jersey, by and through the undersigned counsel, by way of Complaint against the defendants, says, states and avers as follows:

## COUNT ONE

1. On or about July 9, 2019, Plaintiff Marian Romany was a shopper/business invitee in a Target store owned and operated by Defendant Target Corporation located at 100 14th Street, Jersey City, Hudson County, New Jersey.

2. At the time of the subject accident Defendant John Doe Employee identified on incident report as "TM" (see incident report attached as Exhibit A), was an agent, employee and/or servant of the Defendants Target Corporation of Minnesota, John Does 1-10 and/or ABC Companies 1-10 (said names being fictitious).

1

3. On or about July 9, 2019, the Defendants John Doe Employee 1-10 identified as "TM", was negligent causing a shopping cart he/she was pushing to strike Plaintiff causing serious bodily injury.

4. Defendants Target Corporation of Minnesota, John Does 1-10, and ABC Companies 1-10 (said names being fictitious) are vicariously liable for the acts of their agent and/or employee.

5. As a direct and proximate result of the negligence of the Defendants Target Corporation of Minnesota, John Doe Employee 1-10 identified as "TM", John Doe 1-10 and/or ABC Companies 1-10 (said names being fictitious), the Plaintiff sustained severe and diverse personal injuries for which she has incurred and will continue to incur medical expenses; loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions of her normal daily activities, loss of quality, and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

**WHEREFORE,** Plaintiff, Marian Romany demand judgment against the Defendants for damages, interest, attorney's fees, cost of suit and such other and further relief as the Court may deem equitable and just.

## COUNT TWO

1. Plaintiff repeats and realleges each and every paragraph of this Complaint as if fully set forth at length herein.

2. At all times relevant hereto, Defendant Target Corporation had a duty to use reasonable care in the hiring and/or training of employees to ensure such employees are competent, fit to perform their duties, and/or lack dangerous characteristics.

3. Defendant Target Corporation breached the abovementioned duty when it hired, trained and/or retained defendant John Does Employee identified at TM, when they knew or should have known he/she was incompetent and/or unfit to perform his/her duties which caused him/her to negligently cause a shopping cart he/she was pushing to strike Plaintiff causing personal injury.

4. As a direct and proximate result of the negligence of the defendants, as aforesaid, plaintiff Marian Romany sustained severe and diverse personal injuries for which she has incurred and will continue to incur medical expenses; loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions on her normal daily activities; loss of quality and enjoyment of life's pleasures, and such further damages as will be proven at time of trial.

**WHEREFORE**, plaintiff Marian Romany demands judgment against defendant or in the alternative, for damages, interest, attorney's fees, cost of suit and such other and further relief as the Court may deem equitable and just.

## DEMAND FOR ANSWERS TO INTERROGATORIES

The Plaintiff hereby demands that the answering Defendant provide answers to the following interrogatories:

Forms C and C(1) Interrogatories as amended in the 2021 Rules

Governing the Courts of the State of New Jersey

## DEMAND FOR INSURANCE INFORMATION
## PRIMARY AND EXCESS, RULE 4:10-2(b)

Plaintiff hereby requires that the defendants disclose the policy limits of their liability insurance, and Plaintiff stipulates that, pursuant to the above Rule, the answers to the following questions shall not be offered into evidence:

1. State the limits of liability insurance and the name of the carrier covering this Defendant.

2. State the limits of all excess or other liability coverage not mentioned above and the name of the carrier covering the accident in question. If none, state "none".

3. State the limits of medical payments coverage, if any.

4. Set forth the name, address, policy number and policy limits of each and every excess or secondary policy of liability insurance maintained by Defendant at the time of this accident.

5. Attach certified copies of all liability and excess policies.

## NOTICE TO PRODUCE

Pursuant to *R*. 4:18-1, Plaintiff hereby demands that Defendants produce the following documents within 30 days as prescribed by the Rules Governing the Courts of the State of New Jersey. Additionally, please be advised that the following requests are ongoing and continuing in nature and Defendants are therefore required to continuously update their responses thereto as new information or documentation comes into existence.

1. A certified copy of the face sheet of the Defendant's policy along with the face sheet showing the liability limits applicable to that policy along with a certified copy of the face sheet of any and all umbrella policies providing excess liability coverage to the Defendant.

2. Copies of any and all information obtained as a result of any Central Index Bureau or Data Base Searches performed on the Plaintiff to ascertain whether the Plaintiff ever filed a previous or subsequent claim.

3. Copies of any and all video tapes, photographs, investigation reports, billing invoices, investigation notes, records or any and all other documents pertaining to surveillance or other investigations performed on behalf of the Defendant.

4. Copies of all written statements or transcriptions of verbal statements given by the Defendant to any and all representatives of his or her insurance company including but not limited to claims representatives, in-house or outside investigators hired by his or her insurance company, etc. which is discoverable pursuant to the case of *Pfender v. Torres*, 336 N.J. Super. 379 (App. Div. 2001).

5. Any and all motion pictures, videotapes, film, photographs (**laser color copies at our expense**), re-enactments, diagrams, charts or exhibits of any kind that will be introduced or used at trial or deal with the accident or injuries involved herein.

6. True copies of any and all written estimates or appraisal reports, and repair bills of damage to Defendant's and Plaintiff's vehicles as a result of the accident giving rise to this lawsuit.

7. Any report or writing in possession of Defendant(s) or their attorney or insurance company completed or signed by or on behalf of Defendant(s).

8. Written proof of Defendant's insurance policy limits.

9. All reports, memoranda, qualifications, and curriculum vitae or any other documents provided by any expert witness retained by you or anyone acting on your behalf.

10. Copies of any and all reports rendered by any public or private agency or department arising out of any investigation of the accident or occurrence which is the subject of this suit.

11. Copies of any and all excess or umbrella insurance agreements which were in effect on the date of the incident, including name and address of insurer and policy number.

12. All surveillance taken of any Plaintiff, whether or not you intend to use same at trial, as well as names and addresses of any person who took the surveillance, all dates, and all time periods.

13. Copies of any and all reports, records, or other documents, including C.I.B., which support Defendant's contention that Plaintiff's injuries are not directly related to the accident/incident which is the subject of this lawsuit, or that the Plaintiff suffered personal injuries in prior or subsequent accident(s).

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff hereby demands trial by jury as to all issues raised by the within pleadings.

## DESIGNATION OF TRIAL COUNSEL

6

Pursuant to R. 4:25-4, Robert M. Anderson, Esq. is hereby designated as trial counsel for Plaintiff in the within matter.

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated.

                ESCANDON, FERNICOLA,
                ANDERSON, COVELLI & McPHERSON
                *Attorneys for Plaintiff*

Dated: July 1, 2021
                /s/Robert Anderson
                ROBERT M. ANDERSON, ESQ.

HUD-L-002623-21 07/01/2021 4:52:10 PM Pg 1 of 2 Trans ID: LCV20211571838

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-002623-21**

**Case Caption:** ROMANY MARIAN VS TARGET CORPORATION O F MINNESO
**Case Initiation Date:** 07/01/2021
**Attorney Name:** ROBERT MARTIN ANDERSON
**Firm Name:** ESCANDON FERNICOLA ANDERSON & COVELLI
**Address:** 301 MAIN ST STE 3 2ND FLOOR ALLENHURST NJ 077110000
**Phone:** 7326631920
**Name of Party:** PLAINTIFF : Romany, Marlan
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Marlan Romany?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/01/2021                                                                                          /s/ ROBERT MARTIN ANDERSON
Dated                                                                                                                    Signed

HUD L 002623-21   07/02/2021 4:20:36 AM   Pg 1 of 1   Trans ID: LCV20211573854

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JULY 01, 2021
                    RE:     ROMANY MARIAN  VS TARGET CORPORATION O F MINNESO
                    DOCKET: HUD L -002623 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS: HON CHRISTINE M. VANEK

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 748-4400.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: ROBERT M. ANDERSON
                                   ESCANDON FERNICOLA ANDERSON &
                                   301 MAIN ST STE 3
                                   2ND FLOOR
                                   ALLENHURST       NJ 07711


ECOURTS
```

| | | |
|---|---|---|
| Marian Romany | Plaintiff | Superior Court of New Jersey |
| vs. | | Venue: Superior Court of New Jersey |
| Target Corporation of Minnesota | Defendant | Docket Number: HUD-L-2623-21 |

**Person to be Served** (Name & Address):
Target Corporation of Minnesota c/o CT Service Corp
820 Bear Tavern Rd, Ewing, NJ 08628

**AFFIDAVIT OF SERVICE**
(For use by Private Service)

**Attorney:**
Escandon, Fernicola, Anderson, Covelli & McPherson
Robert M Anderson, Esq.

Cost of Service pursuant to R. 4:4-3(c)

**Papers Served:**
Summons, Complaint and Jury Demand (Received Jul 21, 2021 at 12:00am EDT)

**Service Data:**
Served Successfully [X]   Not Served [ ]
Date: Fri, Jul 23 2021   Time: 09:35 AM   Attempts: 1

[ ] Delivered a copy to him / her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g., management agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship or title
Dionne Evan
Agent

**Description of Person Accepting Service:**
Sex: Female   Age: 30-40   Height: 5'11"   Weight: 130   Skin Color: African American   Hair Color: Black

**Unserved:**

[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] No response on: Date: _____ Time: _____   Date: _____ Time: _____
[ ] Other: _____   Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
03 day of July, 2021
LUCILLE A. QUINN-GAMBLE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/17/2024

Notary Signature
Lucille Quinn-Gamble

I, Benito Acevedo, Sr., was at the time of service a competent adult and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Benito Acevedo, Sr.   07/23/2021

*DLG INVESTIGATORS, 3600 Highway 66 Suite 150, Neptune, NJ 07753,*

Affidavit of Service (9/30/2002)

page 1 of 1

Revised 9/30/2002, CN 10516-English